IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERA WILSON, individually and**
**on behalf of her Minor Daughter,**
**JANE DOE,**

           **Plaintiffs,**

  **vs.**                                             **Civil Action 2:06-CV-642**
                                                          **Judge Marbley**
                                                           **Magistrate Judge King**

**COLUMBUS BOARD OF**
**EDUCATION, et al.,**

           **Defendants.**

**OPINION AND ORDER**

Tera Wilson, individually and on behalf of her minor daughter, Jane Doe, and Doe's guardian (collectively, "Plaintiffs") assert claims of negligence, loss of consortium, infliction of emotional distress and claims under 42 U.S.C. § 1983. *See Second Amended Complaint*, ("*Complaint*"), Doc. No. 48. Plaintiffs allege that Defendants Columbus Board of Education, Ofir Sisco, Kerry Myers and Michelle Hooper as well as John Does #1-10, (collectively, "Defendants"), among other things, unlawfully failed to report sexual abuse by Doe's stepfather, although they had been advised of the abuse, and placed her "back in the home alone with her abuser." *Id.* at ¶¶ 14-33.

This matter is now before the Court on *Motion of Defendants Michelle Hooper and*

*Kerri Myers for Discovery Costs* ("*Motion for Sanctions*"), Doc. No. 52. For the reasons that follow, the *Motion for Sanctions* is **DENIED.**

I.      **BACKGROUND**

As part of the investigation and preparation of their case, Defendants Michelle Hooper and Kerry Myers ("Defendants Hooper and Myers") retained James P. Reardon, Ph.D., ("Dr. Reardon"), a psychologist previously disclosed as an expert, "to assist them in their evaluation of the claims of Ms. Wilson and her minor daughter for psychic and emotional injuries." *Motion for Sanctions*, p. 2. Plaintiffs Tera Wilson and Jane Doe ("Plaintiffs Wilson and Doe") agreed through counsel to appear for examination at Dr. Reardon's office on June 26, 2007. Exhibits A and B, attached to *Motion for Sanctions*. However, Plaintiffs Wilson and Doe failed to appear for their appointments without prior notice. Exhibits C, D and E, attached to *Motion for Sanctions*.

Dr. Reardon billed Defendants Hooper and Myers a cancellation fee of $2,400, reflecting compensation at a rate of $300 per hour for each hour lost on June 26, 2007. *Id.* Demand for payment was refused by Plaintiffs Wilson and Doe, Exhibit F and G, attached to *Motion for Sanctions*, although Plaintiffs' counsel at one point offered $500 toward the fee. Exhibit L, attached to *Motion for Sanctions*.

Although Plaintiffs Wilson and Doe eventually underwent evaluation by Dr. Reardon,[1] Defendants Hooper and Myers "had no choice but to tender payment of the cancellation fee" in order to obtain Dr. Reardon's evaluation. Exhibit K, attached to *Motion for Sanctions*.

After extrajudicial attempts to resolve the dispute reached impasse, Defendants Hooper and Myers filed the *Motion for Sanctions*. Invoking F.R. Civ. P. 37 and the Court's inherent

---

[1] The Court expressly ordered Plaintiff Wilson to appear for a psychological evaluation on August 6, 2007. *Order*, Doc. No. 41, p.2.

2

authority to sanction bad faith litigation tactics, Defendants Hooper and Myers ask that Plaintiff Wilson reimburse them for Dr. Reardon's cancellation fee as well as their expenses associated with the *Motion for Sanctions*.

In response, Plaintiffs contend that Defendants Hooper and Myers are not entitled to sanctions pursuant to F. R. Civ. P. 37 because the June 26, 2007, examination was not the subject of an order by this Court; Rule 37, Plaintiffs argue, is therefore inapplicable. *Plaintiffs' Memorandum in Opposition to Defendants Michelle Hooper's and Kerri Myers' Motion for Discovery Costs* ("*Plaintiffs' Response*"), Doc. No. 53, pp. 1-4. Plaintiffs also deny that their failure to appear at the June 26, 2007, examination was done in bad faith. *Id.,* p.4.

Plaintiffs Wilson and Doe deny that they acted in bad faith or engaged in abusive litigation tactics when they failed to appear at the June 26, 2007, examinations. *Id.,* p.6. Plaintiff Wilson explains that she was notified of examinations by two different experts within a few days of each other: Dr. Reardon, who is Defendants' expert, and Dr. Davis, who is Plaintiff's expert. *Affidavit of Tera Wilson,* ¶¶4-5, attached to *Plaintiffs' Response.* Confusing the two, Plaintiff Wilson thought that Dr. Reardon's evaluation had been rescheduled. *Id.,* ¶6. According to Plaintiffs' counsel, Plaintiff Doe missed her appointment that day because her then custodian refused to transport her to the examination. *Plaintiffs' Response,* p.5. Moreover, Plaintiffs Wilson and Doe characterize Dr. Reardon's fee as excessive. *Id.,* p.6.

In reply, Defendants Hooper and Myers argue that equity militates in favor of the relief requested by them. *Defendants' Reply in Support of Motion for Discovery Costs,* Doc. No. 54.

**II.    DISCUSSION**

3

A. **Sanctions under the Federal Rules of Civil Procedure**

Rule 35 of the Federal Rules of Civil Procedure permits a court "to order a party whose mental or physical condition…is in controversy to submit to a physical or mental examination[.]" Fed. R. Civ. P. 35 (a)(2007). Sanctions, including reasonable expenses and attorney fees, may be imposed "if a party fails to comply with an order under Rule 35 (a) requiring it to produce another person for examination[.]" Fed. R. Civ. P. 37 (b) (2) (B). Because there is no evidence that plaintiff Wilson failed to comply with a court order under Rule 35(a), Rule 37 does not authorize an award of sanctions for the failure of Plaintiffs Wilson and Doe to appear for the June 26, 2007, examination.

B. **Sanctions Pursuant to the Inherent Power of the Court**

A court has "the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the Court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420-21 (6th Cir. 2003) (citing *Chambers v. NASCO*, 501 U.S. 32, 43-50 (1991)). "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Stalley v. Methodist Healthcare*, 517 F.3d at 911, 920 (6th Cir. 2008)(quoting *Chambers v. NASCO*, 501 U.S. at 43-50). "Even if there were available sanctions under statutes or various rules in the Federal Rules of Civil Procedure…the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th. Cir. 2002). "[T]he court ordinarily should rely on the Rules rather than the inherent power[;] [b]ut if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.*

However, the exercise of the Court's inherent power to sanctions must be tempered by

both restraint and discretion.  *Stalley,* 517 F.3d at 920 (citing *Chambers*, 501 U.S. at 44).  Most importantly, the "imposition of inherent power sanctions requires a finding of bad faith," *Youn*, 324 F.3d at 420-21 (quoting *First Bank of Marietta*, 307 F.3d at 513), or conduct "tantamount to bad faith."  *Id.*

In *Chambers,* the United States Supreme Court considered some general contours of the concept of bad faith:

> [A] court may assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."

*Id.,* 501 U.S. at 45-46 (citations omitted).  By way of contrast, mere mistake "would not meet the requirements for sanctions."  *See Mann v. University of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *5 (6th Cir. 1997) (citing *Ray A. Scharer & Co. v. Plabell Rubber Prods., Inc.*, 858 F.2d 317, 322 (6th Cir. 1988))

In the case presently before this Court, there is no evidence of bad faith.  Defendants Hooper and Myers offer no evidence to controvert Plaintiff Wilson's assertion that her failure to attend the June 26, 2007, examination was due to "a scheduling error."  *Affidavit of Tera Wilson,* ¶ 9.  Under these circumstances, the Court's inherent power does not warrant an award of sanctions against her.

Similarly, Plaintiff Doe did not exhibit bad faith in failing to attend the June 26, 2007, examination.  Plaintiff Doe is a minor who apparently depended on her then-custodian -- who is not a party to this case -- to transport her to Dr. Reardon's office for the examination. *Plaintiffs' Response*, p. 5.  Again, Defendants Hooper and Myers offer no evidence of bad faith on the part of either Plaintiff Wilson or Plaintiff Doe in connection with the latter's failure to attend her June 26, 2007, examination.  The Court's exercise of inherent power under these circumstances is

unwarranted.

**WHEREUPON**, the *Motion of Defendants' Michelle Hooper and Kerri Myers for Discovery Costs*, Doc. No. 52, is **DENIED**.


July 21, 2008                                                                                     *s/Norah McCann King*
                                                                                                                Norah McCann King
                                                                                                         United States Magistrate Judge